ZEICHNER ELLMAN & KRAUSE LLP
33 Wood Avenue South, Suite 110
Iselin, New Jersey 08830
(973) 618-9100
PHILIP S. ROSEN
Attorneys for Defendant, Art Lending, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AUGUST URIBE FINE ART, LLC, | Civil Action No. 2:22-cv-03104-KM-JBC |
| *Plaintiff,* | |
| v. | |
| DARTMILANO SRL, PIER GIULIO LANZA, RICCARDO MANFRIN, MARIA STELLINA MARESCALCHI, FRACASSI WORLDWIDE SHPPING SRL, OBLYON GROUP, LLC AND ART LENDING, INC., | **ANSWER TO COMPLAINT ON BEHALF OF DEFENDANT ART LENDING, INC. WITH CROSS-CLAIMS** |
| *Defendants,* | |
| v. | |
| A CERTAIN ARTWORK, | |
| *Defendants-in-rem.* | |

Defendant Art Lending, Inc. ("Art Lending"), by its attorneys Zeichner Ellman & Krause LLP, answers the Complaint (the "Complaint") of Plaintiff August Uribe Fine Art, LLC ("Plaintiff") upon information and belief, as follows:

**PARTIES**

1.      Art Lending has no knowledge or information sufficient to form a belief as to the truth of the allegations, including the sub-paragraphs, contained in Paragraph 1 of the Complaint and, therefore, denies all allegations.

2.      Art Lending has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and, therefore, denies all allegations.

3.      Art Lending has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint and, therefore, denies all allegations.

4.      Art Lending has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and, therefore, denies all allegations.

5.      Art Lending has no knowledge or information sufficient to form a belief as to the truth of the allegations, including the sub-paragraph, contained in Paragraph 5 of the Complaint and, therefore, denies all allegations

6.      Art Lending has no knowledge or information sufficient to form a belief as to the truth of the allegations, including the sub-paragraph, contained in Paragraph 6 of the Complaint and, therefore, denies all allegations.

7.      Art Lending denies the allegations in Paragraph 7 of the Complaint except that it is a Nevada Corporation with offices at 10990 Wilshire Boulevard, Suite 1150, Los Angeles, California, and that the Shinnecock Partners' website speaks for itself.

8.      Art Lending has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and, therefore, denies all allegations.

9. Art Lending denies the allegations contained in Paragraph 9 of the Complaint except that the Artwork is being held at SRI Fine Art Services.

## NATURE OF THIS ACTION

10. Art Lending denies the allegations contained in paragraph 10 of the Complaint.

11. Art Lending denies the allegations contained in paragraph 11 of the Complaint.

12. Art Lending denies the allegations contained in paragraph 12 of the Complaint.

13. Art Lending denies the allegations contained in paragraph 13 of the Complaint.

14. Art Lending denies the allegations contained in paragraph 14 of the Complaint.

## JURISDICTION AND VENUE

15. Art Lending denies the allegations contained in paragraph 15 of the Complaint except it refers all questions of law to the court.

16. Art Lending denies the allegations contained in paragraph 16 of the Complaint except it refers all questions of law to the court.

17. Art Lending denies the allegations contained in paragraph 17 of the Complaint except it refers all questions of law to the court.

18.     Art Lending denies the allegations contained in paragraph 18 of the Complaint except it refers all questions of law to the court.

19.     Art Lending denies the allegations contained in paragraph 19 of the Complaint except it refers all questions of law to the court.

## **FACTS**

20.     Art Lending has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and, therefore, denies the allegations.

21.     Art Lending has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and, therefore, denies the allegations.

22.     Art Lending has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and, therefore, denies the allegations.

23.     Art Lending has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and, therefore, denies the allegations.

24.     Art Lending has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and, therefore, denies the allegations.

**The Contracts**

       25.     Art Lending has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and, therefore, denies the allegations.

       26.     Art Lending has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint and, therefore, denies the allegations.

       27.     Art Lending has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint and, therefore, denies the allegations.

       28.     Art Lending has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint and, therefore, denies the allegations.

       29.     Art Lending has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint and, therefore, denies the allegations.

       30.     Art Lending has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint and, therefore, denies the allegations.

       31.     Art Lending has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and, therefore, denies the allegations.

32.     Art Lending has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and, therefore, denies the allegations.

**The Shipment of the Artwork to Long Island City, New York**

33.     Art Lending has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and, therefore, denies the allegations.

34.     Art Lending has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint and, therefore, denies the allegations.

**Marescalchi Falsely Represents to UFA that DART Donors Need to See and Verify the Artwork at the New Jersey Warehouse Before Releasing Payment**

35.     Art Lending has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint and, therefore, denies the allegations.

36.     Art Lending has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint and, therefore, denies the allegations.

37.     Art Lending has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint and, therefore, denies the allegations.

38.     Art Lending has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and, therefore, denies the allegations.

39.     Art Lending has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint and, therefore, denies the allegations.

**The Artwork Moves to the New Jersey Warehouse**

40.     Art Lending has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint and, therefore, denies the allegations.

41.     Art Lending has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint and, therefore, denies the allegations.

42.     Art Lending has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint and, therefore, denies the allegations.

43.     Art Lending has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint and, therefore, denies the allegations.

44.     Art Lending has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint and, therefore, denies the allegations.

45.     Art Lending has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint and, therefore, denies the allegations.

46.     Art Lending has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint and, therefore, denies the allegations.

47.     Art Lending denies the allegations contained in paragraph 47 of the Complaint.

48.     Art Lending denies the allegations contained in paragraph 48 of the Complaint.

49.     Art Lending denies the allegations contained in paragraph 49 of the Complaint.

**The Defendants Pull a Fast One, Move the Artwork, and Claim that it is Collateral for a Loan to DART by Art Lending.**

50.     Art Lending has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint and, therefore, denies the allegations.

51.     Art Lending has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint and, therefore, denies the allegations.

52.     Art Lending denies the allegations contained in paragraph 52 of the Complaint.

8

53.     Art Lending has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint and, therefore, denies the allegations.

54.     Art Lending has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint and, therefore, denies the allegations.

55.     Art Lending denies the allegations contained in paragraph 55 of the Complaint except that DART secured a certain loan from Art Lending.

56.     Art Lending denies the allegations contained in paragraph 56 of the Complaint except that it maintains a perfected first lien security interest in the Artwork.

57.     Art Lending denies the allegations contained in paragraph 57 of the Complaint.

58.     Art Lending denies the allegations contained in paragraph 58 of the Complaint.

59.     Art Lending denies the allegations contained in paragraph 59 of the Complaint except that Shinnecock's YouTube video speaks for itself.

60.     Art Lending denies the allegations contained in Paragraph 60 of the Complaint.

**DART Defaults Again on its Payment Obligations and "Shops" the Artwork**

61.     Art Lending has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint and, therefore, denies the allegations.

62.     Art Lending has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint and, therefore, denies the allegations.

63.     Art Lending has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint and, therefore, denies the allegations.

64.     Art Lending denies the allegations contained in paragraph 64 of the Complaint.

65.     Art Lending denies the allegations contained in Paragraph 65 of the Complaint.

**UFA Confirms that the Artwork Will Not Be Moved**

66.     Art Lending has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint and, therefore, denies the allegations.

**DART and its Principals Acknowledge the Breach and Reconfirm the Obligation to Pay**

67.     Art Lending has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint and, therefore, denies the allegations.

68.     Art Lending has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Complaint and, therefore, denies the allegations.

69.     Art Lending has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint and, therefore, denies the allegations.

**COUNT I**

**BREACH OF CONTRACT**
**(Against DART, Lanza and Manfrin)**

70.     Art Lending repeats and reiterates its responses to the foregoing allegations as if such responses were set forth at length herein.

71.     The allegations and claims contained in paragraph 71 of the Complaint are directed to parties other than Art Lending so no response is required from Art Lending. To the extent a response is required, Art Lending denies the allegations.

72.     The allegations and claims contained in paragraph 72 of the Complaint are directed to parties other than Art Lending so no response is required from Art Lending. To the extent a response is required, Art Lending denies the allegations.

73.     The allegations and claims contained in paragraph 73 of the Complaint are directed to parties other than Art Lending so no response is required from Art Lending. To the extent a response is required, Art Lending denies the allegations.

74.     The allegations and claims contained in paragraph 74 of the Complaint are directed to parties other than Art Lending so no response is required from Art Lending. To the extent a response is required, Art Lending denies the allegations.

75.     The allegations and claims contained in paragraph 75 of the Complaint are directed to parties other than Art Lending so no response is required from Art Lending. To the extent a response is required, Art Lending denies the allegations.

76.     The allegations and claims contained in paragraph 76 of the Complaint are directed to parties other than Art Lending so no response is required from Art Lending. To the extent a response is required, Art Lending denies the allegations.

77.     The allegations and claims contained in paragraph 77 of the Complaint are directed to parties other than Art Lending so no response is required from Art Lending. To the extent a response is required, Art Lending denies the allegations.

78.     The allegations and claims contained in paragraph 78 of the Complaint are directed to parties other than Art Lending so no response is required from Art Lending. To the extent a response is required, Art Lending denies the allegations.

79.     The allegations and claims contained in paragraph 79 of the Complaint are directed to parties other than Art Lending so no response is required from Art Lending. To the extent a response is required, Art Lending denies the allegations.

## COUNT II

## CONVERSION
**(Against DART, Fracassi, Oblyon and Art Lending)**

80.     Art Lending repeats and reiterates its responses to the foregoing allegations as if such responses were set forth at length herein.

81.     Art Lending denies the allegations contained in paragraph 81 of the Complaint.

82.     Art Lending denies allegations contained in paragraph 82 of the Complaint.

83.     Art Lending admits the allegations contained in paragraph 83 of the Complaint.

84.     Art Lending admits that it has refused to return the Artwork, and has no knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 84 of the Complaint and, therefore, denies the allegations.

85.     Art Lending denies the allegations contained in paragraph 85 of the Complaint.

86.     Art Lending denies the allegations contained in paragraph 86 of the Complaint.

## COUNT III

### FRAUD
**(Against Defendants DART, Lanza, Manfrin, and Marescalchi)**

87.     Art Lending repeats and reiterates its responses to the foregoing allegations as if such responses were set forth at length herein.

88.     Art Lending denies allegations contained in paragraph 88 of the Complaint.

89.     The allegations and claims contained in paragraph 89 of the Complaint are directed to parties other than Art Lending so no response is required from Art Lending. To the extent a response is required, Art Lending denies the allegations.

90.     The allegations and claims contained in paragraph 90 of the Complaint are directed to parties other than Art Lending so no response is required from Art Lending. To the extent a response is required, Art Lending denies the allegations.

91.     The allegations and claims contained in paragraph 91 of the Complaint are directed to parties other than Art Lending so no response is required from Art Lending. To the extent a response is required, Art Lending denies the allegations.

92.     The allegations and claims contained in paragraph 92 of the Complaint are directed to parties other than Art Lending so no response is required from Art Lending. To the extent a response is required, Art Lending denies the allegations.

93.     The allegations and claims contained in paragraph 93 of the Complaint are directed to parties other than Art Lending so no response is required from Art Lending. To the extent a response is required, Art Lending denies the allegations.

94.     The allegations and claims contained in paragraph 94 of the Complaint are directed to parties other than Art Lending so no response is required from Art Lending. To the extent a response is required, Art Lending denies the allegations.

95.     The allegations and claims contained in paragraph 95 of the Complaint are directed to parties other than Art Lending so no response is required from Art Lending. To the extent a response is required, Art Lending denies the allegations.

### COUNT IV

### <u>AIDING AND ABETTING FRAUD</u>
**(Against Fracassi, Oblyon and Art Lending)**

96.     Art Lending repeats and reiterates its responses to the foregoing allegations as if such responses were set forth at length herein.

14

97.     Art Lending denies the allegations contained in paragraph 97 of the Complaint.

98.     Art Lending denies the allegations contained in paragraph 98 of the Complaint.

99.     Art Lending denies the allegations contained in paragraph 99 of the Complaint.

100.    Art Lending denies the allegations contained in paragraph 100 of the Complaint.

101.    Art Lending denies the allegations contained in paragraph 101 of the Complaint.

102.    Art Lending denies the allegations contained in paragraph 102 of the Complaint.

103.    Art Lending denies the allegations contained in paragraph 103 of the Complaint.

104.    Art Lending denies the allegations contained in paragraph 104 of the Complaint.

105.    Art Lending denies the allegations contained in paragraph 105 of the Complaint.

106.    Art Lending denies the allegations contained in paragraph 106 of the Complaint.

107.    Art Lending denies the allegations contained in paragraph 107 of the Complaint.

108.    Art Lending denies the allegations contained in paragraph 108 of the Complaint.

109.    Art Lending denies the allegations contained in paragraph 109 of the Complaint.

## COUNT V

## <u>REPLEVIN</u>
**(Against DART, Fracassi, Oblyon, and Art Lending)**

110.    Art Lending repeats and reiterates its responses to the foregoing allegations as if such responses were set forth at length herein.

111.    Art Lending denies the allegations contained in paragraph 111 of the Complaint.

112.    Art Lending denies the allegations contained in paragraph 112 of the Complaint.

113.    Art Lending denies the allegations contained in paragraph 113 of the Complaint.

114.    Art Lending denies the allegations contained in paragraph 114 of the Complaint.

115.    Art Lending denies the allegations contained in paragraph 115 of the Complaint.

## COUNT VI

## <u>CONSPIRACY</u>
**(Against All Defendants)**

116.    Art Lending repeats and reiterates its responses to the foregoing allegations as if such responses were set forth at length herein.

117.    Art Lending denies the allegations contained in paragraph 117 of the Complaint.

118.    Art Lending denies the allegations contained in paragraph 118 of the Complaint.

119.    Art Lending denies the allegations contained in paragraph 119 of the Complaint.

## COUNT VII

## **ORDER QUIETING TITLE UNDER**
**<u>28 U.S.C. § 1655 – IN REM/QUASI IN REM</u>**

120.    Art Lending repeats and reiterates its responses to the foregoing allegations as if such responses were set forth at length herein.

121.    Art Lending denies the allegations contained in paragraph 121 of the Complaint.

122.    Art Lending denies the allegations contained in paragraph 122 of the Complaint.

123.    Art Lending denies the allegations contained in paragraph 123 of the Complaint.

124.    Art Lending denies the allegations contained in paragraph 124 of the Complaint.

125.    Art Lending denies the allegations contained in paragraph 125 of the Complaint.

126.    Art Lending denies the allegations contained in paragraph 126 of the Complaint.

127.    Art Lending denies the allegations contained in paragraph 127 of the Complaint.

## COUNT VIII

## BREACH OF BAILMENT AGREEMENT
### (Against Fracassi)

128.    Art Lending repeats and reiterates its responses to the foregoing allegations as if such responses were set forth at length herein.

129.    The allegations and claims contained in paragraph 129 the Complaint are directed to parties other than Art Lending so no response is required from Art Lending. To the extent a response is required, Art Lending denies the allegations.

130.    The allegations and claims contained in paragraph 130 the Complaint are directed to parties other than Art Lending so no response is required from Art Lending. To the extent a response is required, Art Lending denies the allegations.

131.    Art Lending denies the allegations contained in paragraph 131 of the Complaint.

132.   Art Lending denies the allegations contained in paragraph 132 of the Complaint.

133.   The allegations and claims contained in paragraph 133 of the Complaint are directed to parties other than Art Lending so no response is required from Art Lending. To the extent a response is required, Art Lending denies the allegations.

## FIRST DEFENSE

The Complaint fails to state a claim for relief against Art Lending upon which relief may be granted

## SECOND DEFENSE

The claims against Art Lending are barred because Plaintiff lacks jurisdiction over Art Lending.

## THIRD DEFENSE

The claims may not be maintained against Art Lending because Art Lending has defenses founded upon documentary evidence.

## FOURTH DEFENSE

The Complaint fails to state a claim for relief against Art Lending for Conversion.

## FIFTH DEFENSE

The Complaint fails to state a claim for relief against Art Lending for Aiding and Abetting Fraud.

## SIXTH DEFENSE

The Complaint fails to state a claim for relief against Art Lending for Replevin.

## SEVENTH DEFENSE

The Complaint fails to state a claim for relief against Art Lending for Conspiracy.

## EIGHTH DEFENSE

The Complaint fails to state a claim for relief against Art Lending for an Order Quieting Title and Possession under 28 U.S.C. § 1655 – In Rem/Quasi In Rem.

## NINTH DEFENSE

The Complaint fails to state a claim for relief against Art Lending for punitive damages.

## TENTH DEFENSE

The Complaint fails to state a claim for relief against Art Lending for compensatory damages.

## ELEVENTH DEFENSE

The Complaint fails to state a claim for relief against Art Lending for attorneys' fees.

**TWELFTH DEFENSE**

Art Lending breached no contractual or common-law obligations owed to Plaintiff.

**THIRTEENTH DEFENSE**

Art Lending breached no statutory duty or obligation owed to Plaintiff.

**FOURTEENTH DEFENSE**

Plaintiff has not suffered any damage or loss by reason of any acts or omissions of Art Lending.

**FIFTEENTH DEFENSE**

Any harm and/or damages allegedly sustained by Plaintiff resulted from its own acts or omissions, or the intervening/superseding action of third parties, for whom Art Lending is not responsible.

**SIXTEENTH DEFENSE**

The claims against Art Lending should be dismissed or reduced because of Plaintiff's failure to mitigate its alleged damages.

**SEVENTEENTH DEFENSE**

The claims against Art Lending are barred in whole or in part by the doctrines of unclean hands and/or laches.

## EIGHTEENTH DEFENSE

The claims against Art Lending are barred in whole or in part by the doctrines of estoppel, waiver and ratification.

## NINETEENTH DEFENSE

To the extent Plaintiff was named in a policy of insurance concerning any of the losses referred to in the Complaint, Plaintiff is precluded from recovering any such losses from Art Lending.

## TWENTIETH DEFENSE

To the extent Plaintiff obtained or obtains restitution or other payment from anyone concerning the allegations of the Complaint, Art Lending is entitled to an offset in like amount against the claims made against Art Lending in this action.

## FIRST CROSS-CLAIM AGAINST DEFENDANTS DARTMILANO SRL, PIERGIULIO LANZA AND RICCARDO MANFRIN FOR RECOVERY UNDER THE LOAN AND SECURITY AGREEMENT

1.      On or about September 8, 2021, Defendants Dartmilano SRL, Piergiulio Lanza and Riccardo Manfrin (collectively, "Borrowers") entered into a certain loan facility with defendant Art Lending, Inc. ("Art Lending") in the original principal amount of $14,605,000.  In connection with the loan facility, Borrowers executed in favor of Art Lending a certain loan and security agreement and related loan documents (collectively, the "Loan Documents").

2.      In the Loan Documents, Borrowers pledged to Art Lending certain collateral in the form of fine works of art and/or other assets (the "Collateral"), all as set

forth in the Loan Documents.  As security for the payment and performance of the Obligations (as defined in the Loan Documents) to Art Lending, Borrowers granted to Art Lending a first lien priority interest in the Collateral.

3.      Under the Loan Documents, Events of Default include any false representations and/or warranties made by Borrowers to Art Lending, and any material change in the condition and/or affairs of Borrowers which would impair the full and timely payment of the Obligations (as defined in the Loan Documents).

4.      Upon an Event of Default, Art Lending may, among other things, accelerate the Loan Documents and declare the principal balance and all Obligations to be immediately due and payable, and repossess the Collateral and, upon not less than ten (10) days-notice, sell the Collateral at public or private sale or otherwise dispose of the Collateral and apply the proceeds of sale to the Obligations.

5.      Plaintiff's claims and allegations in the Complaint as against Borrowers constitute Events of Default under the Loan Documents and, as such, Art Lending hereby declares Borrowers in default of the Loan Documents, accelerates the Loan Documents and declares the principal balance and all Obligations to be immediately due and payable. Art Lending hereby reserves its rights and remedies under the Loan Documents to repossess the Collateral and to sell the Collateral at public or private sale, consistent with the Loan Documents, and apply the sale proceeds to the Obligations.

6.      Based upon the foregoing and Plaintiff's claims and allegations in the Complaint, Art Lending hereby demands recovery as against Borrowers under the Loan Documents.

7.      Borrowers agreed to indemnify and hold harmless Art Lending and its affiliates, directors, officers, members, employees and agents (each, an "Indemnified Person") from and against all litigation, suits, actions, proceedings, claims, damages, losses, liabilities and expenses (including counsel fees and costs) which may be instituted or asserted against or incurred by any such Indemnified Person in connection with or arising out of the Loan Documents and the transactions contemplated therein, and any and all liabilities and legal costs and expenses arising out of or incurred in connection with any disputes between and among any parties to any of the foregoing, and any investigation, litigation or proceeding related to any such matters.

8.      Based upon the foregoing and Plaintiff's claims and allegations in the Complaint, Art Lending hereby demands indemnification from Borrowers under the Loan Documents.

**SECOND CROSS-CLAIM AGAINST
DEFENDANTS DARTMILANO SRL, PIERGIULIO LANZA
AND RICCARDO MANFRIN FOR RECOVERY
<u>UNDER GUARANTY AGREEMENTS</u>**

9.      Art Lending repeats and reiterates the allegations of its first cross-claim as if set forth at length herein.

10.     Borrowers, in connection with the Loan Documents, each executed certain Guaranty Agreements in favor of Art Lending.  In each Guaranty Agreement, Borrowers, among other things, unconditionally and irrevocably guaranteed to Art Lending the prompt payment and performance of the Guaranteed Obligations (as defined in the Guaranty) including all present and future obligations of Borrowers to Art Lending.

24

11.      Plaintiff's claims and allegations in the Complaint as against Borrowers constitute Events of Default under the Guaranty Agreements and, as such, Art Lending hereby declares Borrowers in default of the Guaranty Agreements and declares the Guaranteed Obligations to be immediately due and payable.

12.      Based upon the foregoing and Plaintiff's claims and allegations in the Complaint, Art Lending hereby demands recovery as against Borrowers under the Guaranty Agreements.

### THIRD CROSS-CLAIM AGAINST ALL DEFENDANTS
### FOR CONTRIBUTION AND INDEMNIFICATION

13.      Art Lending repeats and realleges its answer and defenses to the Complaint as if set forth at length herein.

14.      While denying it is in any way obligated or liable under the claims for relief asserted against it in the Complaint, Art Lending alleges that:

    a.      Any obligation imposed upon it to respond in damages could only result from operation of law based upon technical, imputed, or implied liability, whereas the actual fault or negligence was on the part of the co-defendants against whom these claims were asserted, which entitles Art Lending to indemnification.

    b.      Any obligation of Art Lending to respond in damages is based upon alleged torts of co-defendants, where the causative act or failure to act was that of the co-defendants against whom plaintiff's claims were asserted.

    c.      The co-defendants against whom plaintiff's claims were asserted are obligated under the terms and provisions of the New Jersey Comparative Negligence Act (*N.J.S.A.* 2A:15-5.1, *et seq.*) and/or The New Jersey Tort Claims Act (*N.J.S.A.* 59:1, *et seq.*), Tortfeasors Contribution Act (*N.J.S.A.* 2A:53A, *et seq.*) for their *pro rata* share of any judgment and thus entitles Art Lending to contribution.

d.      Art Lending is entitled to a determination of the percentage share of responsibility of all tortfeasors, whose fault contributed to the claimed injuries and property damage, as the obligation, if any, of Art Lending to respond in damages should not exceed its percentage share.

WHEREFORE, defendant Art Lending demands judgment as follows:

i.      dismissing the Complaint;

ii.      judgment on its first and second cross-claims against Borrowers for recovery under the Loan Documents and Guaranty Agreements;

iii.      Judgment on its third cross-claim against all defendants for contribution and indemnification;

iv.      the costs and disbursements of this action;

v.      recovery of its counsel fees and costs to the extent permitted by law; and

vi.      for such other and further relief as is just and proper.

DATED:      July 19, 2022

ZEICHNER ELLMAN & KRAUSE LLP
Attorneys for Defendant
 Art Lending, Inc.


BY: */s/ Philip S. Rosen*
PHILIP S. ROSEN

26

## L. CIV. R. 11.2 CERTIFICATION

Pursuant to L. Civ. R. 11.2, I certify that to the best of my knowledge and belief, no other action is pending nor is any contemplated in any court or arbitration proceeding with respect to the attached pleading.

## L. CIV. R. 201.1 CERTIFICATION

Pursuant to L. Civ. R. 201.1, I certify that to the best of my knowledge and belief, this matter is not subject to compulsory arbitration because the damages sought by Plaintiff exceed $150,000 exclusive of interest, costs of suit and punitive damages, and because Plaintiff seeks injunctive relief.

## CERTIFICATE OF SERVICE

I certify that on July 19, 2022, I served a copy of the foregoing answer with cross-claims via electronic filing upon all parties who have appeared electronically on the Court docket.

DATED:        July 19, 2022

ZEICHNER ELLMAN & KRAUSE LLP
Attorneys for Defendant
 Art Lending, Inc.


BY: */s/ Philip S. Rosen*
PHILIP S. ROSEN