Bruce Egert (0573)
LAW OFFICES OF BRUCE EGERT
9 Kansas Street
Hackensack, New Jersey 07601
Tel: (201) 488-2620

Stephen J. Arena (to be admitted *pro hac vice*)
TRACHTENBERG & ARENA, LLP
420 Lexington Avenue, Ste 2818
New York, New York 10170
Tel: (212) 972-1375

*Attorneys for Defendants DARTMILANO SRL,*
*Pier Giulio Lanza and Riccardo Manfrin*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **AUGUST URIBE FINE ART, LLC,** | CIVIL NO. 2:22-cv-03104-KM-JBC |
| *Plaintiff,* | *Document electronically filed* |
| - against - | |
| **DARTMILANO SRL, PIER GIULIO LANZA, RICCARDO MANFRIN, MARIA STELLINA MARESCALCHI, FRACASSI WORLDWIDE SHIPPING SRL, OBLYON GROUP, LLC, and ART LENDING, INC,** | |
| *Defendants,* | |
| - and - | |
| **A CERTAIN ARTWORK,** | |
| *Defendant-in-rem.* | |

## DEFENDANTS DARTMILANO SRL,
## PIER GIULIO LANZA AND RICCARDO MANFRIN'S
## MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS

TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES.................................................................................. iii

PRELIMINARY STATEMENT ..............................................................................1

FACTUAL BACKGROUND....................................................................................2

ARGUMENT .......................................................................................................4

    I.    This Court Lacks Personal Jurisdiction
          Over The Dart Defendants ...................................................................4

          A.  Plaintiff Does Not Allege A Basis For General Or
              Specific Jurisdiction Over The DART Defendants ...................................5

          B.  The UFA Agreement Is Unenforceable ....................................................6

          C.  The UFA-DART Amendment Is Unenforceable.........................................7

    II.   Plaintiff's Claims Should Be Dismissed
          Pursuant to FRCP Rule 12(b)(6) For
          Failure to State A Claim ......................................................................9

          A.   General Pleading Standards .................................................................9

          B.  Plaintiff's Fraud And Conspiracy Claims
              Should Be Summarily Dismissed ..........................................................10

              i.   Plaintiff's Fraud And Conspiracy Claims Are
                   Subject To FRCP Rule 9(b)'s Heightened
                   Pleading Standard ..........................................................................10

              ii.  Plaintiff Has Failed To Plead Its Fraud And
                   Conspiracy Claims Against The DART
                   Defendants ...................................................................................11

          C.   Plaintiff Failed To Plead Its Conversion
               And Replevin Claims Against The
               DART Defendants ...........................................................................14

              i.   Plaintiff Does Not Have Standing .......................................................14

              ii.  Plaintiff's Conclusory Allegations Fail To
                   State Claims For Conversion Or Replevin
                   Against DART ................................................................................15

iii.   Plaintiff's Conversion And Replevin Claims
       Should Be Dismissed As Duplicative Of Its
       Breach Of Contract Claims ..................................................................16

CONCLUSION.................................................................................................................18

<u>**TABLE OF AUTHORITIES**</u>

<u>**PAGE(S)**</u>

**CASES**

*AD Rendon Communications, Inc. v Lumina Americas, Inc.*,
    04-CV-8832 (KMK), 2007 WL 2962591 (S.D.N.Y. Oct. 10, 2007)............................16

*Allen v Westpoint-Pepperell, Inc.*,
    11 F. Supp. 2d 277 (S.D.N.Y. 1997)................................................................6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..............................................................................9

*Bank of Am. Corp. v Lemgruber*,
    385 F. Supp. 2d 200 (S.D.N.Y. 2005)...........................................................16

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..............................................................................9

*Blue Cross and Blue Shield of Alabama v Woodruff*,
    803 So. 2d 519 (Ala. 2001)......................................................................8

*Brown ex rel. Estate of Brown v Philip Morris Inc.*,
    228 F. Supp. 2d 506 (D.N.J. 2002) .............................................................13

*County of Hudson v Janiszewski*,
    CV 06-319 (JAP), 2007 WL 9789567 (D.N.J. Dec. 3, 2007).......................................10

*Culwick v Wood*,
    384 F. Supp. 3d 328 (E.D.N.Y. 2019) ..........................................................14

*DeSola Group, Inc. v Coors Brewing Co.*,
    199 A.D.2d 141 (1st Dept 1993).................................................................6

*English v Fed. Nat. Mortg. Ass'n*,
    CIV.A. 13-2028 CCC, 2013 WL 6188572 (D.N.J. Nov. 26, 2013) ...............................10

*Fabricatore v ADT LLC*,
    CV 16-916 (FLW)(DEA), 2018 WL 3696581 (D.N.J. Aug. 3, 2018).............................10

*Falcon Envtl. Services, Inc. v Am. Falconry Services, LLC*,
    2013 N.Y. Slip Op. 33203[U] (N.Y. Sup. Ct., Wayne County 2013) ............................14

*Gachette v. Metro North High Bridge*,
    12 Civ. 3838 (AJN), 2013 WL 144947 (S.D.N.Y. Jan. 14, 2013)...................................9

*Ginsberg v Bistricer*,
  A-5751-03T5, 2007 WL 987169 (N.J. Super. Ct. App. Div. Apr. 4, 2007) ....................6

*GKE Enterprises, LLC v Ford Motor Credit Co. LLC USA*,
  CIV.A. 09-4656(JLL), 2010 WL 2179094 (D.N.J. May 26, 2010) ...............................10

*In re Altieri*,
  11-12819 DHS, 2012 WL 3595298 (Bankr. D.N.J. Aug. 20, 2012) ............................13

*In re Burlington Coat Factory Sec. Litig.*,
  114 F.3d 1410 (3d Cir. 1997) ......................................................................................2

*In re Norvergence, Inc.*,
  405 B.R. 709 (Bankr. D.N.J. 2009) .............................................................................12

*Ivans v Plaza Nissan ford*,
  A-3647-05T1, 2007 WL 1284936 (N.J. Super. Ct. App. Div. May 3, 2007) ................14

*Jones v Marin*,
  CIV. 07-0738 (WHW), 2009 WL 2595619 (D.N.J. Aug. 20, 2009) ..............................6

*Klapper v Sullivan et al.*,
  CV 17-13137 (FLW), 2021 WL 1171704 (D.N.J. Mar. 29, 2021) ...............................16

*Krumme v WestPoint Stevens Inc.*,
  143 F.3d 71 (2d Cir. 1998) ...........................................................................................6

*Leveraged Leasing Admin. Corp. v PacifiCorp Capital, Inc.*,
  87 F.3d 44 (2d Cir. 1996) ...........................................................................................14

*Marketvision/Gateway Research, Inc. v Carter*,
  CIV.A. 10-1537 SRC, 2012 WL 762317 (D.N.J. Mar. 6, 2012) .............................11,16

*Matter of Venigalla v Alagappan*,
  307 A.D.2d 1041 (2d Dept 2003) .................................................................................8

*Melendez v New Jersey Dept. of Children and Families (Div. of Youth and Family Services)*,
  CV 08-1339, 2009 WL 10728733 (D.N.J. Mar. 18, 2009) ............................................9

*Miller Yacht Sales, Inc. v Smith*,
  384 F3d 93 (3d Cir. 2004) .............................................................................................5

*Motino v Toys "R" Us, Inc.*,
  CIVA 06-370 SRC, 2007 WL 2123698 (D.N.J. July 19, 2007) ......................................9

iv

*Nami v. Fauver,*
  82 F.3d 63 (3d Cir. 1996) ............................................................................2

*Peskin v Peskin,*
  271 N.J. Super. 261, 276, 638 A.2d 849 (N.J. Super. Ct. App. Div. 1994)....................6

*Peters Griffin Woodward, Inc. v WCSC, Inc.,*
  88 A.D.2d 883 (1st Dept 1982)..................................................................16

*Poling v. K. Hovnanian Enterprises,*
  99 F.Supp.2d 502, 508 (D.N.J.2000), *appeal dismissed*, 32 Fed. Appx. 32
  (3d Cir.2002)...........................................................................................12

*Quality Signature Homes, Inc. v Kennedy Funding, Inc.,*
  CIV. A. 08-2759 JAG, 2009 WL 235357 (D.N.J. Jan. 29, 2009)....................................5

*Ruhrgas AG v. Marathon Oil Co.,*
  526 U.S. 574 (1999).....................................................................................5

*Salatino v Salatino,*
  13 A.D.3d 512 (2d Dep't 2004) ...................................................................14

*Sobek v Quattrochi,*
  2004 WL 2809989 (S.D.N.Y. Dec. 8, 2004) .................................................16

*TechnoMarine SA v Jacob Time, Inc.,*
  905 F. Supp. 2d 482 (S.D.N.Y. 2012).........................................................14

*Time Share Vacation Club v Atl. Resorts, Ltd.,*
  735 F2d 61 (3d Cir. 1984)............................................................................5

*Virginia Sur. Co., Inc. v Macedo,*
  CIV.A.08-5586JAG, 2009 WL 3230909 (D.N.J. Sept. 30, 2009)................................12

### <u>F</u><u>EDERAL</u> <u>R</u><u>ULES OF</u> <u>P</u><u>ROCEDURE</u>

<u>P</u><u>AGE</u>(<u>S</u>)

FRCP Rule 8(a).............................................................................................2

FRCP Rule 9(b)......................................................................................2,10,11,12

FRCP Rule 12(b)(2).................................................................................1,4,5,8,18

FRCP Rule 12(b)(6)............................................................................1,2,4,9,10,18

**Preliminary Statement**

Defendants DARTMILANO SRL ("DART"), Pier Giulio Lanza and Riccardo Manfrin (collectively, the "DART Defendants") respectfully submit this memorandum of law in support of their motion to dismiss the Complaint (Dkt. No. 1) of plaintiff August Uribe Fine Art, LLC ("Plaintiff" or "UFA") pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(2) for lack of personal jurisdiction and 12(b)(6) for failure to state a claim.

This action arises out of Plaintiff's agreement to sell a piece of fine art (the "Artwork") to DART.  The agreement between the parties expressly required the Artwork to be sold "directly" from Plaintiff as the owner of the Artwork to DART.  Although Plaintiff in fact was not the owner of the Artwork, Plaintiff misrepresented itself as the owner of the Artwork, thereby inducing DART to agree to the transaction.  Notably, both the written agreement between the parties and the Complaint establish that Plaintiff presented itself as the owner of the Artwork, authorized the movement of the Artwork, agreed to delays in receipt of payment in connection with the purchase of the Artwork, and received payments in connection with the purchase of the Artwork.  Its fraudulent conduct notwithstanding, Plaintiff now asserts claims for breach of contract, conversion, fraud, replevin and conspiracy against the DART Defendants.

As set forth below, the claims against the DART Defendants should be dismissed pursuant to FRCP Rule 12(b)(2) for lack of personal jurisdiction, both because the forum selection clause on the basis of which Plaintiff invokes the jurisdiction of this Court is contained in an agreement that has been induced by fraud and, in the alternative, because the amended version of the agreement purporting to confer jurisdiction upon this Court was not adopted in accordance with the provisions of the original agreement respecting the procedures required for amendment.  Alternatively, if the Court chooses to defer consideration of the issue of

1

jurisdiction, Plaintiff's fraud, conspiracy, conversion and replevin claims against the DART

Defendants should be dismissed for failure to state a claim pursuant to FRCP Rule 12(b)(6)

because Plaintiff's pleading utterly fails to satisfy the pleading requirements contained in FRCP

Rules 8(a) and 9(b).

## FACTUAL BACKGROUND

Plaintiff, a New York limited liability company, was advised by its broker Maria Stellina

Marescalchi ("Marescalchi") that DART, an Italian company with a registered office in Milan,

was interested in purchasing the Artwork.  *See* Complaint, ¶¶ 1, 2, 22.[1]  Thereafter, Plaintiff

located the Artwork through the agent for the owner of the Artwork (the "Owner").  *See*

Complaint, ¶ 23.  A price was set and DART and Plaintiff entered into a written agreement for

DART to purchase the Artwork from Plaintiff (the "DART-UFA Contract").  *See* Complaint, ¶¶

24, 26.  Plaintiff was aware that DART needed to raise money to purchase the Artwork.  *See*

Complaint, ¶¶ 36-37.

The UFA-DART Contract expressly states that "DARTMILANO SRL is interested in

purchasing directly the Artwork" (i.e., not through an intermediary).[2]  *See* UFA-DART Contract,

p. 1, Recitals.  To solicit DART, Plaintiff represented that it had "full availability and title" with

respect to the Artwork.  *See* UFA-DART Contract, Article 3, Price Section.  Plaintiff further

represented that Plaintiff "will *remain* the legitimate and sole owner of the Artwork" until the

transaction is complete.  *See* UFA-DART Contract, Article 4 (emphasis added).

---

[1]      In considering a motion to dismiss, the Court is required to accept the allegations
of the Complaint as true, *see, e.g., Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).

[2]      A copy of the DART-UFA Contract, dated August 19, 2021, is annexed as
Exhibit A to the Declaration of Pier Giulio Lanza dated July 18, 2022 (the "Lanza Decl.").  The
DART-UFA Contract may be considered by this Court as it is integral to and explicitly relied
upon in the Complaint.  *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d
Cir. 1997).

Notably, the Complaint itself makes clear that those statements were false.  Plaintiff did not and does not own the Artwork.  On the contrary, Plaintiff expressly alleges that it is asserting its claims to the Artwork "so that it can be returned to the Collector [Owner]".  *See* Complaint, ⁋ 81. *See also*, Complaint ⁋ 23.[3]

The UFA-DART Contract contains the following forum selection clause providing for arbitration in New York.

> Any dispute arising from this agreement, including those relating to its validity, interpretation, execution and termination, will be under the jurisdiction of the International Commercial Chamber of New York.

*See* UFA-DART Contract, Article 7.

Through its counsel, Plaintiff purported to amend the UFA-DART Contract to extend DART's time to complete the purchase of the Artwork.  *See* Complaint, ⁋ 67 and 69. *See also*, Lanza Decl., Exhibit B (the "UFA-DART Amendment" and together with the UFA-DART Contract, the "UFA-DART Agreement").  The amendment purports to confer jurisdiction upon this Court.  As set forth therein:

> The Parties submit to the exclusive jurisdiction of the United States District Court for the District of New Jersey with respect to the resolution of any disputes relating to the Purchase Agreement or the Payment and Standstill Agreement (collectively, the "Agreements").

UFA-DART Amendment, Section 3(b).  However, Plaintiff failed to expressly indicate the exact clause being amended as required by the UFA-DART Contract.  *See* UFA-DART Contract, Article 5 ("Any amendment and/or integration to this agreement must be expressly agreed in

---

[3]     According to the Complaint, at or about the same time as the DART-UFA Contract was being formed, Plaintiff contracted with the agent of the Owner to acquire the Artwork from the Owner.  That agreement mirrored the DART-UFA Contract.  *See* Complaint, ⁋⁋ 25, 28 and 30.  Specifically, that contract contemplated that Plaintiff would acquire the Artwork from the Owner by making payments on the same dates that DART was to make payments to Plaintiff.  *See* Complaint, ⁋⁋ 29 and 30.  Plaintiff does not allege that the requisite payments were made by UFA.

writing and with the exact indication of the clause to be amended and/or supplemented.") and UFA-DART Amendment, Section 3.

Plaintiff acknowledges that it "agreed" to have the Artwork moved to its current location at the New Jersey Warehouse.  *See* Complaint, ⁋ 41.[4]  The current status of the Artwork is that, at Plaintiff's request, it is being held at the New Jersey Warehouse pending Court Order or the resolution of this dispute.  *See* Complaint, ⁋⁋ 9 and 66.

## ARGUMENT

As detailed below, the claims against the DART Defendants should be dismissed pursuant to FRCP Rule 12(b)(2) for lack of personal jurisdiction.  If the Court chooses to defer consideration of the issue of jurisdiction, Plaintiff's fraud, conspiracy, conversion and replevin claims against DART should be dismissed for failure to state a claim pursuant to FRCP Rule 12(b)(6).

## I.

## THIS COURT LACKS PERSONAL
## JURISDICTION OVER THE DART DEFENDANTS

Plaintiff does not allege that the DART Defendants have any contacts with New Jersey.  Rather, Plaintiff's only alleged predicate for this Court's exercise of jurisdiction is a purported jurisdiction selection clause in an amendment to the UFA-DART Contract.  However, and as detailed below, jurisdiction may not be premised on the clause to which Plaintiff refers.  This is because (a) the agreement was procured by fraud and (b) the purported amendment was not entered in accordance with the requirement of the original agreement.

---

[4]       Pursuant to the UFA-DART Contract, Plaintiff had previously agreed that the Artwork was to be transported by Fracassi Worldwide Shipping to "his" facility at Alston Fine Art.  *See* UFA-DART Contract, Article 2.

### A. Plaintiff Does Not Allege A Basis For General
### Or Specific Jurisdiction Over The DART Defendants.

Personal jurisdiction "is an essential element of district court jurisdiction, without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999). Plaintiff bears the burden of establishing this Court's personal jurisdiction over each defendant by alleging specific acts connecting the defendant with the forum State. *Time Share Vacation Club v Atl. Resorts, Ltd.*, 735 F2d 61, 66 (3d Cir. 1984) ("Once the defense has been raised, then the plaintiff must sustain its burden of proof…at no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction."); *Miller Yacht Sales, Inc. v Smith*, 384 F3d 93, 97 (3d Cir. 2004) ("a plaintiff bears the burden of establishing the court's jurisdiction over the moving defendants."). Plaintiff must sufficiently allege a prima facie basis for jurisdiction supported by specific allegations. *Id.  See also Quality Signature Homes, Inc. v Kennedy Funding, Inc.*, CIV. A. 08-2759 JAG, 2009 WL 235357, at *2 (D.N.J. Jan. 29, 2009).

Here, the Complaint concedes the absence of facts that would give rise to general or specific jurisdiction over the DART Defendants. In particular, the Complaint acknowledges that DART is an Italian company with a registered office in Milan, Italy, that defendant Pier Giulio Lanza is an individual and citizen of Italy residing in Milan Italy, and that Riccardo Manfrin is a principal of the Milanese company. *See* Complaint, ¶¶ 2-4.

Plaintiff vaguely alleges that the DART Defendants have consented in writing to the jurisdiction of this Court. *See* Complaint, ¶ 18. However, other than in a conclusory fashion, Plaintiff provides no other detail regarding this Court's jurisdiction over the DART Defendants. *See* Complaint, ¶¶ 2-4, 17-18. Indeed, there is no allegation that the DART Defendants otherwise purposefully availed themselves of the privilege of doing business in this jurisdiction.

If Plaintiff's vague allegation regarding consent in writing to jurisdiction relates to Section 3(b) of the UFA-DART Amendment, Plaintiff's jurisdictional allegation fails because, as set forth below, the UFA-DART Agreement is unenforceable because it was procured by fraud. *DeSola Group, Inc. v Coors Brewing Co.*, 199 A.D.2d 141, 141-42 (1st Dept 1993) ("Since plaintiff's allegations of fraud pervading the agreement would render the entire agreement void, the forum selection clause contained therein is unenforceable") (citation omitted).

**B.  The UFA Agreement Is Unenforceable.**

It is well-settled that an agreement procured by fraud is unenforceable.  *Jones v Marin*, CIV. 07-0738 (WHW), 2009 WL 2595619, at *3 (D.N.J. Aug. 20, 2009) ("A contract that was induced by fraud may be deemed invalid and unenforceable under the law."); *Peskin v Peskin*, 271 N.J. Super. 261, 276, 638 A.2d 849, 857 (N.J. Super. Ct. App. Div. 1994) (if an agreement is achieved through fraud, the "agreement must be set aside.").  *See also, Ginsberg v Bistricer*, A-5751-03T5, 2007 WL 987169, at *15 (N.J. Super. Ct. App. Div. Apr. 4, 2007); *Allen v Westpoint-Pepperell, Inc.*, 11 F. Supp. 2d 277, 289 (S.D.N.Y. 1997), *aff'd on other grounds sub nom. Krumme v WestPoint Stevens Inc.*, 143 F.3d 71 (2d Cir. 1998) ("a contract induced by misrepresentation or fraud is void.").

Plaintiff misrepresented in the UFA-DART Contract that it was the owner of the Artwork.  This is how Plaintiff solicited DART to purchase the Artwork.  Plaintiff misrepresented that it "has full availability and title" with respect to the Artwork.  *See* UFA-DART Contract, Article 3, Price Section.  Plaintiff further misrepresented that it "will remain the legitimate and sole owner of the Artwork" until the transaction is complete.  *See* UFA-DART Contract, Article 4.

Plaintiff also acted as if it was the owner of the Artwork, authorized the movement of the Artwork, agreed to delays in receipt of payment in connection with the purchase of the Artwork, and received payments in connection with the purchase of the Artwork.  *See* Complaint, ¶¶ 29, 32, 41, 61, and 67.

DART entered into the UFA-DART Contract in reliance on the proposition that Plaintiff UFA was the owner of the Artwork.  The UFA-DART Contract expressly states that "DARTMILANO SRL is interested in purchasing **directly** the Artwork" (i.e., not through an intermediary).  *See* UFA-DART Contract, p. 1, Recitals (emphasis added).

Although Plaintiff claimed to be the owner of the Artwork, Plaintiff's lack of an ownership interest is made clear by its contradictory allegations in the Complaint stating that a collector (i.e., the Owner) is and was the owner of the Artwork.  *See* Complaint e.g., ¶ 23 ("Mr. Uribe located the Artwork, which was then being held in New York by an agent (the 'Collector's Agent') **for the owner of the Artwork (the 'Collector').**") (emphasis added); ¶ 25 ("UFA then contracted with the Collector's Agent to acquire the Artwork from the Collector"); ¶ 30 ("The Collector-MFA Contract provides that UFA would pay the Collector's Agent for the Artwork on virtually the same dates as DART was to pay UFA."); ¶ 81 (Plaintiff is asserting its claims to the "Artwork so that it can be returned to the Collector [Owner]").

Stated simply, Plaintiff does not and did not own the Artwork.  Plaintiff misrepresented its ownership interest in the Artwork in connection with its inducement of DART to enter into the agreement to purchase the Artwork.  Thus, the UFA-DART Agreement is unenforceable.

### C.  The UFA-DART Amendment Is Unenforceable.

In addition, Plaintiff failed to follow the procedures required for amendments set forth in the UFA-DART Contract.  The UFA-DART Contract required the parties to expressly indicate

the exact clause being amended.  *See* UFA-DART Contract, Article 5 ("Any amendment and/or integration to this agreement must be expressly agreed in writing and with the exact indication of the clause to be amended and/or supplemented.").

Rather than doing so, Plaintiff, through counsel, purported to amend the jurisdictional clause of the UFA-DART Contract from "the jurisdiction of the International Commercial Chamber of New York" without "the exact indication of the clause to be amended".  *Compare* UFA-DART Contract, Article 5 and Article 7, Governing Law and UFA-DART Amendment.

Where contract amendment procedures are not followed, the amendment should not be enforced.  *See Matter of Venigalla v Alagappan*, 307 A.D.2d 1041, 1042 (2d Dept 2003); *Blue Cross and Blue Shield of Alabama v Woodruff*, 803 So. 2d 519, 523-24 (Ala. 2001) ("Blue Cross did not follow its own explicitly described procedure for amending Brooks's contract to add the arbitration clause…Accordingly, because Blue Cross failed to prove that Brooks's C Plus policy was amended to include the arbitration provision, we must affirm the trial court's judgment denying arbitration.").

Accordingly, the claims against the DART Defendants should be dismissed pursuant to FRCP Rule 12(b)(2) for lack of personal jurisdiction because Plaintiff has not sufficiently alleged any general or specific jurisdictional basis upon which this Court may exercise power over the DART Defendants and because Plaintiff's contractual basis for jurisdiction is unsupportable and unenforceable.

To the extent the Court does not dismiss all of the claims against the DART Defendants at this stage of the litigation, the DART Defendants expressly reserve all rights and do not waive any right to continue to challenge this Court's *in personam* jurisdiction over the DART Defendants.

## II.

## PLAINTIFF'S CLAIMS SHOULD BE DISMISSED
## PURSUANT TO FRCP RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM

### A. General Pleading Standards.

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must contain

sufficient factual matter to "state a claim to relief that is *plausible on its face*." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 547 (2007) (emphasis added). "A claim has facial plausibility when the

[plaintiff pleads] *factual* content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)

(emphasis added) (citing *Twombly*, 550 U.S. at 556). A plaintiff must allege sufficient facts to

"nudge" the claims from conceivable to probable, and such facts "must be enough to raise a right

to relief above the speculative level..." *Twombly* at 570. *See also*, *Motino v Toys "R" Us, Inc.*,

CIVA 06-370 SRC, 2007 WL 2123698, at *1 (D.N.J. July 19, 2007) (This Court "will not accept

unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form

of factual allegations.").

Although the Court must accept proper factual allegations contained in a complaint as

true, *Twombly*'s pleading standard "requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678. Accordingly,

the "bald assertions or legal conclusions…draped in the guise of factual allegations may not

benefit from the presumption of truthfulness." *Melendez v New Jersey Dept. of Children and*

*Families (Div. of Youth and Family Services)*, CV 08-1339, 2009 WL 10728733, at *1 (D.N.J.

Mar. 18, 2009). Likewise, the Court need not accept as true allegations in a plaintiff's own

pleadings that are internally inconsistent or contradictory. *See Gachette v. Metro North High*

*Bridge*, 12 Civ. 3838 (AJN), 2013 WL 144947, at *1 (S.D.N.Y. Jan. 14, 2013) ("the Court 'is not

obliged to reconcile plaintiffs own pleadings that are contradicted by other matters asserted or relied upon or incorporated by reference by [the] plaintiff in drafting the complaint.'") (alteration in original).  *See also Fabricatore v ADT LLC*, CV 16-916 (FLW)(DEA), 2018 WL 3696581, at *6 (D.N.J. Aug. 3, 2018).

### B.  Plaintiff's Fraud and Conspiracy Claims Should Be Summarily Dismissed.

To state a claim for fraud, a plaintiff must sufficiently allege the following "five elements: a material misrepresentation by the defendant of a presently existing fact or past fact; knowledge or belief by the defendant of its falsity; an intent that the plaintiff rely on the statement; reasonable reliance by the plaintiff; and resulting damages to the plaintiff'". *See County of Hudson v Janiszewski*, CV 06-319 (JAP), 2007 WL 9789567, at *1 (D.N.J. Dec. 3, 2007) (citation omitted).

For the reasons set forth below, Plaintiff's causes of action for fraud and conspiracy should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.

#### (i)  Plaintiff's Fraud and Conspiracy Claims Are Subject to FRCP Rule 9(b)'s Heightened Pleading Standard

The Federal Rules of Civil Procedure provide that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FRCP Rule 9 (b).

Rule 9(b)'s heightened pleading standard applies to Plaintiff's claims of fraud (Count III) and conspiracy (Count VI) because both of those claims are based on the same allegations of misrepresentations and fraud.  *See* Complaint, ¶¶ 89-93 and 117-118; *see also GKE Enterprises, LLC v Ford Motor Credit Co. LLC USA*, CIV.A. 09-4656(JLL), 2010 WL 2179094, at *5 (D.N.J. May 26, 2010) ("where 'the plaintiff grounds [his claims] in allegations of fraud—and the claims thus 'sound in fraud'—the heightened pleading requirements of Rule 9(b) apply.'") (alteration in original); *English v Fed. Nat. Mortg. Ass'n*, CIV.A. 13-2028 CCC, 2013 WL

6188572, at *6 (D.N.J. Nov. 26, 2013) ("Plaintiff does not plead her fraud claim with enough specificity required by Rule 9(b) to allege an unlawful act. Therefore, Plaintiff has failed to state a claim for conspiracy.").

Plaintiff's heightened pleading requirements include pleading with particularity the "who, what, when, where, and how" of the alleged fraud. *See Marketvision/Gateway Research, Inc. v Carter*, CIV.A. 10-1537 SRC, 2012 WL 762317, at *2 (D.N.J. Mar. 6, 2012).

As set forth below, applying these pleading standards to the Complaint demonstrates that Plaintiff's fraud and conspiracy claims fail as a matter of law.

### *(ii) Plaintiff Has Failed to Plead its Fraud and Conspiracy Claims Against the DART Defendants.*

Although the Complaint alleges various acts of affirmative wrongdoing against other defendants, the allegations against the DART Defendants are patently thin.  The only alleged misstatements to be associated with the DART Defendants are the following four (4) statements recited in paragraph 89 of the Complaint:

(a) the August 19, 2021 text messages representing that the Artwork was intended to be acquired for display at DART, which they represented to be a "museum,"

(b) the text messages sent on or about August 27, 2021 representing that DART "donors" needed to see and verify the Artwork in the New Jersey Warehouse along with other works being acquired for DART to enable DART to pay for the Artwork,

(c) the text messages sent on or about August 27, 2021 representing that all would proceed at the New Jersey Warehouse "as it was planned with Aiston," *i.e.,* the Artwork would be held under the name of UFA in accordance with the DART-UFA Contract, and

(d) in email correspondences dated December 28,2021 that delays in payment for the Artwork were caused by "bureaucracy problems," "winter holidays," bank errors, and other immaterial matters.

Complaint, ¶ 89 (the "Alleged Misstatements").

Plaintiff's allegations are insufficient for at least the following reasons:

First, in paragraph 89 of the Complaint there is no specificity as to who made the Alleged Misstatements. Rule 9(b) does not allow a plaintiff to merely lump multiple defendants together, but rather "require[s] plaintiffs to differentiate their allegations when suing more than one defendant... and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *In re Norvergence, Inc.*, 405 B.R. 709, 726-27 (Bankr. D.N.J. 2009). *See also Poling v. K. Hovnanian Enterprises,* 99 F.Supp.2d 502, 508 (D.N.J.2000), *appeal dismissed*, 32 Fed. Appx. 32 (3d Cir.2002) ("allegations that generally allege fraud against multiple defendants, without informing each defendant as to the specific fraudulent acts he or she is alleged to have committed do not satisfy Rule 9(b)."); *Virginia Sur. Co., Inc. v Macedo*, CIV.A.08-5586JAG, 2009 WL 3230909, at *8 (D.N.J. Sept. 30, 2009).

Accordingly, Plaintiff cannot overcome its inability to attribute specific allegations of misconduct to the DART Defendants by grouping them with its broker Defendant Marescalchi in connection with the Alleged Affirmative Misstatements.

Second, Alleged Misstatements (a), (b) and (c) above are specifically attributed to Marescalchi alone, and not to the DART Defendants. *See* Complaint, ▯ 22 ("Ms. ***Marescalchi*** represented to UFA that she had a museum client, DART"); ▯▯ 36-38 and ▯ 12 ("false representations from ***Marescalchi*** that museum 'donors' needed to see it 'well secured'"); and ▯ 39 ("***Marescalchi***, acting in bad faith, represented…that all would proceed at the New Jersey Warehouse 'as it was planned with Aiston.'") (emphasis added).

Third, there is no allegation of reasonable reliance with respect to the DART Defendants. Rather, all of the allegations relate to Plaintiff's relationship with Marescalchi. *See* Complaint, ▯ 93. Indeed, Plaintiff alleges that its only contact with the DART Defendants was in connection with a contract that was not negotiated. *See* Complaint, ▯ 27.

Furthermore, Alleged Misrepresentations (b), (c) and (d) all occurred after the DART-UFA Contract date of August 19, 2021.  *See* Complaint, ⁋ 89.

Fourth, Plaintiff has not described how or why any of the Alleged Misstatements are material or false.  *Id.*; *In re Altieri*, 11-12819 DHS, 2012 WL 3595298, at *3 (Bankr. D.N.J. Aug. 20, 2012) (fraud claims "require specific details identifying the fraudulent statements and the reasons why they are fraudulent.") (internal citations omitted).

In particular, there is no explanation regarding how a representation that DART is a museum is false and why it would be material.[5]  Nor is there any allegation that there were no "bureaucracy problems," "winter holidays," or "bank errors," or other "immaterial matters" during or about December 28, 2021 and why or how that is material.

Plaintiff's allegation that it was told by Marescalchi that "donors" needed to see the artwork "to enable DART to pay for the Artwork" only confirms that Plaintiff knew or should have known in August 2021 that DART did not have sufficient funds immediately available to close on the purchase the Artwork.

Accordingly, Plaintiff has failed to properly plead fraud and conspiracy[6] claims against the DART Defendants based upon the Alleged Misstatements.

---

[5]     DART is a museum.  DART exhibits art of various forms and maintains a physical space and location.  *See* https://dartmilano.com/ and https://thelawdictionary.org/museum/ (defining a museum as "[a] building or institution for the cultivation of science or the exhibition of curiosities or works of art. The term 'museum' embraces not only collections of curiosities for the entertainment of the sight but also such as would interest, amuse, and instruct the mind.").

[6]     *Brown ex rel. Estate of Brown v Philip Morris Inc.*, 228 F. Supp. 2d 506, 517 (D.N.J. 2002) ("Absent her fraud claim or other intentional tort, plaintiff's conspiracy claim fails for lack of an underlying tort. Civil conspiracy is not an independent cause of action").

### C. Plaintiff Failed to Plead Its Conversion and Replevin Claims Against the DART Defendants.

Plaintiff cannot maintain its conversion and replevin causes of action because (1) Plaintiff is not and was not the owner of the Artwork and thus does not have standing to bring the conversion and replevin causes of action; (2) Plaintiff does not sufficiently allege that DART converted the Artwork; and (3) the conversion and replevin claims are duplicative of Plaintiff's breach of contract claim.

#### (i) Plaintiff Does Not Have Standing

It is well-settled that in order to bring causes of action for conversion or replevin[7] the plaintiff must be the true owner of the property in question. *See Leveraged Leasing Admin. Corp. v PacifiCorp Capital, Inc.*, 87 F.3d 44, 50 (2d Cir. 1996) ("An action for conversion can be maintained only by the true owner of the property."); *Ivans v Plaza Nissan ford*, A-3647-05T1, 2007 WL 1284936, at *8 (N.J. Super. Ct. App. Div. May 3, 2007) ("Quite simply, plaintiff was not yet the Durango's owner, and he thus lacked standing to sue for its conversion."); *Culwick v Wood*, 384 F. Supp. 3d 328, 339-40 (E.D.N.Y. 2019) (Under New York and New Jersey law, ownership of the property in question is required to have standing to bring a conversion claim.); *TechnoMarine SA v Jacob Time, Inc.*, 905 F. Supp. 2d 482, 496-97 (S.D.N.Y. 2012) ("plaintiff lacks standing to bring a claim for conversion. The parties agree that plaintiff's authorized distributor, rather than plaintiff, was the rightful owner of the sample watch at issue at the time of sale and therefore has standing to sue.").

---

[7] Conversion and replevin are governed by the same substantive law but the relief sought as the former is money damages and the relief sought as the latter is possession of the chattel. *Salatino v Salatino*, 13 A.D.3d 512, 513 (2d Dep't 2004); *Falcon Envtl. Services, Inc. v Am. Falconry Services, LLC*, 2013 N.Y. Slip Op. 33203[U] (N.Y. Sup. Ct., Wayne County 2013) ("Replevin and conversion are governed by the same rules of substantive law, although different damage rules apply.").

In the case at bar, Plaintiff has not alleged that it is the owner of the Artwork.  Rather, as set forth above, Plaintiff misrepresented itself as the owner of the Artwork in connection with its fraudulent inducement of DART to enter the UFA-DART Contract.  Indeed, Plaintiff specifically alleges that it is asserting its claims to the "Artwork so that it can be returned to the Collector [Owner]".  *See* Complaint, ⁋ 81.

Accordingly, Plaintiff's claims for conversion and replevin should be dismissed for lack of standing.

### (ii) Plaintiff's Conclusory Allegations Fail To State Claims for Conversion or Replevin Against DART

There is no allegation that DART engaged in the conversion of the Artwork.  Rather, the allegation is that Plaintiff agreed to move the Artwork to New Jersey on the basis of discussions with Marescalchi.  *See* Complaint, ⁋ 41("Based on the statements and representations above from Marescalchi, with comfort from the additional assurance of Aiston, UFA ***agreed*** to have the Artwork available to be seen and 'verified' at the New Jersey Warehouse.") (emphasis added).

Furthermore, Plaintiff alleges that the Artwork was in the hands of Oblyon and Art Lending and that it was Oblyon and Art Lending that refused to return the Artwork to Plaintiff, not DART. *See* Complaint, ⁋⁋ 12 and ⁋ 13 ("Both Oblyon and Art Lending, despite being shown undisputed documents…have refused to allow the New Jersey Warehouse to release the Artwork to UFA.").  Likewise, according to the Complaint, the Artwork is currently being held at the New Jersey Warehouse at Plaintiff's request.  *See* Complaint, ⁋ 66 ("UFA contacted the New Jersey Warehouse and confirmed that it would hold the Artwork.").

Finally, to the extent Plaintiff has any right to the Artwork, it is not alleged how any such right is being interfered with by the DART Defendants.

Plaintiff's mere pleading of the elements of conversion and/or replevin against DART is insufficient to state a claim.  *See Sobek v Quattrochi*, 2004 WL 2809989, *9 (S.D.N.Y. Dec. 8, 2004) ("plaintiffs have done no more than assert conclusory allegations that defendants exercised unauthorized dominion over the [chattel]. Such conclusory allegations are inadequate to state a claim for conversion.") (internal citation omitted); *Bank of Am. Corp. v Lemgruber*, 385 F. Supp. 2d 200, 223 (S.D.N.Y. 2005) ("Plaintiffs' conclusory allegation that they have 'a legal right and an immediate superior right of possession to assets currently being held by Defendant Lembgruber' is, without more, insufficient to survive a motion to dismiss.") (citations omitted). *See also Marketvision/Gateway Research, Inc. v Carter*, CIV.A. 10-1537 SRC, 2012 WL 762317, at *2 (D.N.J. Mar. 6, 2012) ("The Amended Complaint does not plead facts that support finding that Carter, himself, exercised control over Plaintiffs' property inconsistent with Plaintiffs' rights in that property.").

### (iii) Plaintiff's Conversion and Replevin Claims Should Be Dismissed As Duplicative of Its Breach of Contract Claims

Plaintiff's Conversion and Replevin claims also should be dismissed as duplicative of the breach of contract claim.  Both replevin and conversion claims are improper when the possessory allegations flow from the alleged violation of a contract.  *Klapper v. Sullivan et al.*, CV 17-13137 (FLW), 2021 WL 1171704, at *10 (D.N.J. Mar. 29, 2021) ("Accordingly, the facts underlying [the conversion] claim are clearly identical to Metus Capital's breach of contract claim, and it is therefore dismissed."); *AD Rendon Communications, Inc. v Lumina Americas, Inc.*, 04-CV-8832 (KMK), 2007 WL 2962591, at *4 (S.D.N.Y. Oct. 10, 2007) ("However, even if a plaintiff meets all of the elements of a conversion claim, the claim will still be dismissed if it is duplicative of a breach of contract claim."); *Peters Griffin Woodward, Inc. v WCSC, Inc.*, 88 A.D.2d 883, 883-84

16

(1st Dept 1982) ("an action for conversion can not be validly maintained where damages are merely being sought for breach of contract").

Here, Plaintiff expressly alleges that its right to demand possession of the Artwork arises from the UFA-DART Contract.  *See* Complaint, ₧ 74 and ₧ 32 ("The DART-UFA Contract specifies that UFA may remove the Artwork from fine art storage if in 'any case and for any reason'").  *See also* Complaint, ₧ 13 ("UFA has an unqualified right per its agreement with DART to possess the Artwork").  Plaintiff also alleges the exact same damages for conversion and replevin as it does for breach of contract (i.e., $5 million and the return of the Artwork).  *Compare* Complaint, ₧ 79 *with* ₧₧ 86 and 115.

Accordingly, Plaintiff's claims against DART for conversion and replevin should be dismissed.

## **CONCLUSION**

For the reasons set forth above, the DART Defendants respectfully submit that Plaintiff's

Complaint must be dismissed as to the claims asserted against them pursuant to FRCP Rules

12(b)(2) and 12(b)(6) for lack of personal jurisdiction and for failure to state a claim.

Respectfully submitted,

DEFENDANTS DARTMILANO SRL,
PIER GIULIO LANZA AND RICCARDO MANFRIN

By:       /s/ Bruce Egert
          Bruce Egert (0573)
          LAW OFFICES OF BRUCE EGERT
          9 Kansas Street
          Hackensack, New Jersey 07601
          Tel: (201) 488-2620

          Stephen J. Arena (to be admitted
          *pro hac vice*)
          TRACHTENBERG & ARENA, LLP
          420 Lexington Avenue, Ste 2818
          New York, New York 10170
          Tel: (212) 972-1375