# EXHIBIT B

## PAYMENT AND STANDSTILL AGREEMENT

This Payment and Standstill Agreement (the "Payment and Standstill Agreement") is made this 10th day of March 2022 (the "Effective Date") by and among URIBE FINE ART, LLC ("UFA") and DARTMILANO, SRL ("DART"), PIER GIULIO LANZA ("Lanza"), and RICCARDO MANFRIN ("Manfrin") (each a "Party"; together, the "Parties").

**WHEREAS**, on or about 19-August-2021, UFA and DART entered into a contract pursuant to which DART agreed to purchase a work of fine art by ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇ for a total of USD ▇▇▇▇▇▇ ("the Purchase Agreement" and "the Work," respectively);

**WHEREAS** DART agreed to complete payment for the Work by no later than 22-November-2021;

**WHEREAS**, DART has failed to complete payment for the Work in accordance with the Purchase Agreement and is in default of its obligations to UFA; and

**WHEREAS** UFA is willing to defer filing a litigation based on the other Parties' representation that DART can all amounts due to UFA, including the balance due for purchase of the Work;

**NOW, THEREFORE**, the Parties hereby execute this Payment and Standstill Agreement to reflect and memorialize the terms and conditions of their agreement, and hereby affirm that, in consideration of these promises, and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be bound legally, covenant and agree as follows:

1. **Payment for the Work.** DART shall complete payment for the Work as follows:

   a. A payment of USD ▇▇▇▇▇ on or before 10-March-2022;

   b. A payment of USD ▇▇▇▇▇ on or before 30-March-2022;

   c. A payment of USD ▇▇▇▇▇ on or before 10-April-2022.;

      i. *Plus* an amount to be determined and communicated to ART no later than 03-April 22 for interest that is demanded of UFA in connection with its procurement of the Work for sale.

Each such payment shall be made in accordance with the wire transfer instructions attached to this Agreement as **Exhibit A** so as to be received in UFA's account in good, cleared funds on or before the close of business at UFA's bank on the dates set forth above. DART, Lanza, and Manfrin, acknowledges that time is of the essence with respect to each payment.

Page 1 of 5

2. **Standstill Agreement.** The Parties, and each of their agents and assigns, agree that no legal proceedings shall be commenced relating to the Purchase Agreement or the Payment and Standstill Agreement ("the Agreements") except in the event that any Party breaches its obligations under the Payment and Standstill Agreement.

3. **Jurisdiction; Applicable Law; Service of Process.**

   a. The Parties agree that both the Purchase Agreement and the Payment and Standstill Agreement shall be governed by the laws of the State of New Jersey without regard to its conflict of law principles.

   b. The Parties submit to the exclusive jurisdiction of the United States District Court for the District of New Jersey with respect to the resolution of any disputes relating to the Purchase Agreement or the Payment and Standstill Agreement (collectively, the "Agreements").

   c. DART, Lanza and Manfrin each designate Roberto Pacini as their agent for service of process and agree that they may be personally served by email and a reputable overnight courier (e.g.,, DHL or FedEx) sent to Mr. Pacini at Via Giovanni Nicotera 29 Rome, Italy 00192, and that such service will constitute valid service as of the date of the email and delivery to the courier. The Parties explicitly waive any requirements for or rights to foreign service of process under the Hague Convention or other applicable law or treaty.

4. **Disclosure.** Within one business day of execution of this Payment and Standstill Agreement, DART shall disclose to the attorneys for UFA the amount that it borrowed from Art Lending, Inc. using the Work as collateral and, if different, the payoff amount that would be due to Art Lending, Inc. to release the Work as collateral.

5. **Personal Guaranty.** Lanza and Manfrin personally and unconditionally guarantee the prompt and complete performance by DART of its obligations under the Purchase Agreement and the Payment and Standstill Agreement and agree to pay all costs and expenses, including reasonable attorney's fees, incurred by UFA in securing such performance.

6. **Representations of All Parties.** The Parties represent to one another that:

   (a) Each of the Parties has had ample opportunity to consult an independent attorney, free of any and all conflicts of interest, and other advisors including, but not limited to, tax advisors of such Party's own choosing prior to signing this agreement.

   (b) Each Party agrees to the terms and conditions of this agreement and acknowledges that such Party is under no coercion, compulsion, or duress in executing it.

   (c) In signing this agreement, no Party is relying on any (i) statement or representation, whether written or oral, that is not set forth in this Agreement or (ii) the duty or alleged duty of any Party to provide information of any kind whatsoever to another Party.

   (d) Upon each of the Parties full performance under the terms hereunder, including payment in full for the Work, the Parties will exchange mutual releases and covenants not to sue one another and their respective agents, employees, and representatives.

(e) All representations and warranties made in this agreement shall survive the completion of the transactions contemplated by this agreement.

7. **Notices.**

(a) All notices and other communications pursuant to this agreement shall be sent:

*If to UFA:*  John R. Cahill, Esq.
Olsoff | Cahill | Cossu LLP
40 West 110th Street
New York, NY 10018
917-674-5135
jcahill@occllp.com

*If to DART:*  Roberto Pacini, Esq.
Via Giovanni Nicotera 29
Rome, Italy 00192
+39 0683779968
avvocatopacini@gmail.com

(b) Any notices sent shall be sent by: (i) electronic mail, and (ii) next day delivery.

(c) Notice shall be deemed to be given from the time of delivery by the next day delivery service.

8. **Miscellaneous.**

(a) This agreement may not be changed or amended except through a writing signed by the Party charged with the change or amendment.

(b) In the event of any conflict between the terms of the Purchase Agreement and the Payment and Standstill Agreement, the terms of the Payment and Standstill Agreement shall control.

(c) Except as provided herein, the Purchase Agreement and the Payment and Standstill Agreement represent the entire agreement and understanding between and among the Parties and supersedes all prior agreements among the parties, whether written or oral.

(d) No Party may waive any rights under this agreement unless the waiver is explicit and in writing. No Party may construe another Party's conduct, or a course of conduct, inaction or failure to press that Party's rights under the Agreement as a waiver of any of the rights or obligations under this agreement.

(e) The prevailing Party or Parties in any action or proceeding arising out of a dispute concerning the Agreements shall be entitled to recover such Party's costs and reasonable attorneys' fees from the non-prevailing Party or Parties.

Page 3 of 5

(f) This Agreement shall be binding upon the Parties, their heirs, administrators, executors, successors, and permitted assigns.

(g) This Agreement may be executed in any number of counterparts and with electronic or facsimile signatures, each of which, when executed and delivered, shall be deemed an original for all purposes, and such counterparts together shall constitute one instrument.

(h) Headings in the Agreement are for the convenience of the Parties and do not bind them in any way.

**EACH OF THE UNDERSIGNED HAS READ AND UNDERSTANDS THIS AGREEMENT:**

**AUGUST URIBE FINE ART, LLC**

By: *August O. Uribe*
Name: August Uribe
Its:  *Managing Member*

**DARTMILANO, SRL** — PIERGIULIO LANZA SOLE DIRECTOR

Name:
Its: AS A LAWYER AND AGENT FOR SERVICE OF PROCESS OF
**ROBERTO PACINI** DARTMILANO SRL
Nome: PACINI ROBERTO
Emesso da: InfoCamere Qualified Electronic Signature CA

RICCARDO MANFRIN,
PARTNER OF DARTMILANO SRL

**DARTMILANO s.r.l.**
Via Goldoni 1 20129 Milano
Presso Museo della Permanente
Via Filippo Turati 34
20121 Milano

Page 4 of 5



## Exhibit A

## Wire Instructions

**Account Name:** New York IOLA Attorney Trust Accounts Olsoff Cahill Cossu

**Bank:** Bank of America, 100 West 33rd Street, New York, NY 10019

**Swift Code Number:** ▉▉▉▉▉▉

**ABA Wire Number:** ▉▉▉▉▉

**Account Number:** ▉▉▉▉▉▉

# ▽ HELLOSIGN

# Audit Trail

| | |
|---|---|
| TITLE | 2022-03-10 UFA-DARTv2 Standstill Agreement with Exhibit A -... |
| FILE NAME | 2022-03-10%20UFA-...%20A%20-%20PE.pdf |
| DOCUMENT ID | a76f5756c7da4e7b9061f83d25d920d11ec1ec5b |
| AUDIT TRAIL DATE FORMAT | MM / DD / YYYY |
| STATUS | • Signed |

This document was requested from app.clio.com

## Document History

**SENT**  03 / 10 / 2022  16:05:14 UTC
Sent for signature to August Uribe (august@uribefineart.com)
from dbholanauth@occllp.com
IP: 209.10.146.36

**VIEWED**  03 / 10 / 2022  16:31:57 UTC
Viewed by August Uribe (august@uribefineart.com)
IP: 73.238.7.252

**SIGNED**  03 / 10 / 2022  16:36:01 UTC
Signed by August Uribe (august@uribefineart.com)
IP: 73.238.7.252

**COMPLETED**  03 / 10 / 2022  16:36:01 UTC
The document has been completed.

Powered by ▽ HELLOSIGN