

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Office:+1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

May 9, 2024

**VIA CM/ECF**

Honorable Madeline Cox Arleo, U.S.D.J.
United States District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

      Re: *August Uribe Fine Art, LLC v. Dartmilano SRL, et al.*,
        <u>Case No. 22-cv-03104 (MCA)(JBC)</u>

Dear Judge Arleo:

  We represent Sotheby's, Inc. ("Sotheby's"), which by amended motion filed on November 6, 2023 seeks to intervene in this action to assert its rights in the Picasso painting at issue (the "Artwork"). (DE 84, 95.)

  We write to update the Court on an important development: on May 7, 2024, the Supreme Court of the State of New York, County of New York issued the enclosed Decision and Order dismissing in part Maria Iride Crippa's[1] Intervenor-Complaint in the action captioned *Sotheby's, Inc. v. August Uribe Fine Art, LLC*, Index No. 651350/2023 (the "NY Decision and Order"). Although not binding, this decision is persuasive authority on issues implicated by Sotheby's amended motion to intervene (DE 95) and Plaintiff August Uribe Fine Art, LLC's ("UFA") motion for default judgment (DE 86) pending before the Court.

  After noting the existence of this action (NY Decision and Order at 3-4), the New York court held, among other things, that UCC § 2-401, which provides that title to goods under a contract for sale generally passes upon delivery of those goods to the buyer, permits parties to a contract for sale – there, the same Purchase Agreement between Sotheby's and UFA at issue in this action – to explicitly agree that title shall pass at some other point subsequent to delivery. (*See id* at 6-7.) Sotheby's Purchase Agreement with UFA and its Consignment Agreement with Ms. Crippa contain title retention provisions providing that title shall only pass to UFA after it pays to Sotheby's the full purchase price for the Artwork. (*Id*. at 2; *see* DE 95-2 ¶¶ 18-19.) Because UFA never paid the full purchase price for the Artwork, title never passed to it or anyone else, including the DART defendants.[2] Consequently, the NY Decision and Order

---

1. Ms. Crippa is the owner of the Artwork.

2. The defaulted DART defendants include Defendants DARTMILANO SRL, Pier Giulio Lanza and Riccardo Manfrin.

supports a finding that Ms. Crippa has owned and possessed title to the Artwork since she acquired it.

Despite no longer being a party to this action by its own accord (DE 81, 83), non-party Art Lending, Inc. ("Art Lending") opposes the pending motions on the ground that it purportedly maintains a perfected priority interest in the Artwork by virtue of its dealings with the DART defendants, and argues that the Court should not take any action that would interfere with this self-proclaimed interest, including permitting Sotheby's to intervene to dispute that interest. (DE 90, 102.)  However, because the DART defendants never owned[3] or had title to the Artwork, Art Lending does not possess any interest in the Artwork and thus has no basis to oppose Sotheby's requested intervention or UFA's application for a default judgment.  *See* N.J.S.A. § 12A:9-203(b)(2) (requiring a debtor, here DARTMILANO SRL, to have rights in the collateral or power to transfer rights in the collateral for a creditor's, here Art Lending, security interest to attach to the collateral and, in turn, be perfected).

                              Respectfully submitted,

                              /s/ *Mana Ameri*
                              Mana Ameri

CC:  All counsel of record (via CM/ECF)

---

3. The Court has already found that the "<u>DART has no ownership interest in the [A]rtwork</u> and, therefore, could not grant an ownership or possessory right to UFA." (DE 56 at 12 (emphasis added).)

281018257