UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>MADELINE COX ARLEO<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST. ROOM 4066<br>NEWARK, NJ 07101<br>973-297-4903 |

May 31, 2024

VIA ECF

**LETTER ORDER**

Re:   **August Uribe Fine Art, LLC v. DARTMILANO SRL et al.
Civil Action No. 22-3104**

Dear Litigants:

Before the Court is Plaintiff August Uribe Fine Art, LLC's ("UFA" or "Plaintiff") Motion for Default Judgment against Defendants DARTMILANO SRL ("DART"), Pier Giulio Lanza ("Lanza"), and Riccardo Manfrin ("Manfrin") (collectively, the "DART Defendants"). ECF No. 86 (the "Motion"). Specifically, Plaintiff asks the Court to enter judgment against the DART Defendants for $3,803,795.25 and to release the artwork at issue (the "Artwork") from storage. See ECF No. 86.5 at 5–6; ECF No. 86.6. Former defendant and now non-party Art Lending opposes. ECF No. 90. The Motion is **DENIED** without prejudice for the following reasons:

First, the DART Defendants did not receive proper notice of their obligation to re-appear in this action. By way of background, the DART Defendants are in Italy, see Compl., ECF No. 1, ¶¶ 2–4, and were previously represented by attorney Bruce Egert, see ECF No. 55. On April 12, 2023, Judge Clark granted Mr. Egert's Motion to Withdraw as counsel. ECF No. 64. It appears that Mr. Egert served Judge Clark's Order on Lanza and Manfrin "by email," and sent a hard copy of the Order to the offices of DART. ECF No. 65. But Lanza and Manfrin, now pro se defendants, were not served or otherwise contacted at their respective addresses. And as to defendant DART, an entity cannot appear pro se, Simbraw, Inc. v. United States, 367 F.2d 373, 373–75 (3d Cir. 1966), and was not advised of this fact. Nor does Plaintiff's service of its Motion to the DART Defendants constitute proper notice. See ECF No. 87 (serving the Motion to (1) Roberto Pacini, Esq. who, at the time of the parties' Purchase Agreement executed over two years ago, served as the DART Defendants' agent for service of process, see ECF No. 8.4 at 3, and (2) the DART Defendants' former counsel, Mr. Egert and Mr. Arena).

Second, Plaintiff does not sufficiently show that the DART Defendants completely abandoned their defenses. See Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). Indeed, the DART Defendants did respond to Plaintiff's Complaint by moving to dismiss. ECF No. 8. In resolving that motion, Judge McNulty allowed Plaintiff to file an Amended Complaint—which Plaintiff did not do. See ECF No. 56 at 18. Thus, the DART Defendants were not obliged to pursue their defenses further. On that basis alone, default judgment is inappropriate.

1

Third, to the extent that Plaintiff seeks release of the Artwork, it is not entitled to do so. As Judge McNulty made clear, Plaintiff does not own the property, and therefore cannot assert claims of conversion and replevin. Id. at 12. ("UFA is not the owner and has not otherwise stated facts to support that it has a right to immediate possession."). Accordingly, Plaintiff's request for an order of possession is denied.

Finally, any ordered judgment would be premature at this stage in the litigation. Following Judge McNulty's opinion, there remain claims of breach of contract, conspiracy, and fraud. Id. Plaintiff is not entitled to judgment at this juncture. Indeed, there is a pending Motion to Intervene before the Court, ECF No. 95, and non-party Art Lending purports to have a lien against the Artwork, ECF No. 90 at 1. These unresolved issues preclude any findings of fact. Accordingly, Plaintiff's Motion is not appropriate for the Court to consider at this time.

In sum, Plaintiff's Motion for Default Judgment, ECF No. 86, is **DENIED**. Former counsel Mr. Egert is hereby ordered to serve the DART Defendants with this Order and to provide the Court with every known address, including mail and email, for Defendants Lanza and Manfrin no later than June 14, 2024.

                                                **SO ORDERED.**

                                          *s/ Madeline Cox Arleo*
                                          **MADELINE COX ARLEO**
                                          **UNITED STATES DISTRICT JUDGE**

cc:      Bruce Egert, Esq.
          Stephen J. Arena, Esq.